Mae N. WILKES

v.

Abraham A. RIBICOFF, Secretary of Health, Education and Welfare.

Civ. A. No. 7119.

United States District Court
N. D. Georgia,
Atlanta Division.

April 3, 1961.

Eugene S. Taylor, Atlanta, Ga., for plaintiff.

Charles D. Read, Jr., U. S. Atty., by Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for the Government.

SLOAN, District Judge.

Plaintiff in the above action seeks to have the Court review a final determination of defendant that she was not entitled to a finding establishing a period of disability under §§ 216(i) and 223 of the Social Security Act, as amended, 42 U.S. C.A. §§ 416(i), 423.

Plaintiff alleges that she is and has been since May, 1956, by reason of physical impairment and disability, continuously unable to engage in any substantial gainful activity and that she is entitled to the establishment of such disability and insurance benefits under the above stated sections of the Act; that she filed a claim therefor with the Social Security Administration pursuant to the provisions of the Act; that her application therefor has been disallowed by a Referee by a decision dated August 12, 1959, and that the decision of such Ref-

eree was affirmed by the Appeals Council on December 28, 1959. Plaintiff alleges that the decision of the Referee denying her application for such benefits is not supported by substantial evidence and "is based upon manifest error of fact." Plaintiff prays that the Court review the decision of the Referee and determine that she "is entitled to the establishment of disability as claimant."

The defendant has filed a motion for summary judgment "in accordance with 42 U.S.C.A. § 405(g) affirming the decision complained of and dismissing the complaint with costs and disbursements as being demanded as a matter of law based upon the certified copy of the Transcript of Record filed herein, including the evidence upon which the findings and decision complained of in this instance are based."

In response to defendant's motion, plaintiff moves that the same be denied and that the Court enter summary judgment for plaintiff "reversing the decision complained of and ordering that the plaintiff is entitled to the establishment of disability as claimed with costs and disbursements being demanded as a matter of law; based upon the Transcript of Record filed herein."

The matter is now properly before the Court for determination under Local Rule 15.

Plaintiff seeking to avoid the "substantial evidence rule" contends that this case turns on a question of law involving the construction of the statute, such is not the case.

The Referee's findings which are here sought to be reviewed and reversed were that "although claimant's impairment may make it dangerous for her to work around moving machinery, and may cause low back and hip pain, her impairments, either singly or in combination, have not so severely affected her overall ability as to make her continuously unable to do any kind of substantial gainful work" and that "claimant's impairments do not meet the standards of §§ 216(i) and 223 of the Social Security Act, as amended, for the

establishment of a period of disability or for entitlement to disability insurance benefits."

After a careful review of the record in this case, the Court is of the opinion that the findings of the Secretary are supported by substantial evidence and the same is therefore conclusive under the provisions of 42 U.S.C.A. § 405(g).

The defendant's motion for summary judgment affirming the decision of the Secretary is granted. Such judgment may be prepared and presented.